UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL A. DEMUTH,

                      Plaintiff,

    -against-                                                9:18-CV-0769 (LEK/TWD)

CORPORAL HAND, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Michael A. Demuth, a pretrial detainee at Chenango County Jail ("CCJ"), alleges that defendant correctional officers Corporal Hand and Corporal Haynes delayed his notarization of time-sensitive legal documents—which resulted in an appeal being denied as untimely—in violation of 42 U.S.C. § 1983. Dkt. No. 16 ("Amended Complaint") at 2–3. This case was previously administratively closed on account of Plaintiff's repeated failure to pay the filing fee or submit a proper in forma pauperis ("IFP") application. Dkt. Nos. 1–8. The Clerk has sent to the Court for review, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Plaintiff's Amended Complaint, a new IFP application, and a motion for preliminary injunction. Am. Compl.; Dkt. Nos. 11 ("IFP Application"), 10 ("PI Motion").[1]

---

[1] Plaintiff has also filed six affidavits. Dkt. No. 15. The first three affidavits, Dkt. No. 15 at 1–3, relate to Plaintiff's claims in this action, and the Clerk is directed to docket them as exhibits to the Amended Complaint. However, the remaining three affidavits, Dkt. No. 15 at 4–6, apparently relate to Plaintiff's claims in a separate action. In consideration of Plaintiff's pro se status, the Clerk is directed to file the last three affidavits as exhibits to the amended complaint in Demuth v. Chenango County Sheriff's Office, 18-CV-807 (N.D.N.Y. Sept. 21, 2018), E.C.F. No. 5.

For the reasons that follow, the IFP Application is granted, the PI Motion is denied, and the Amended Complaint survives initial review as to Corporal Hand, but is dismissed as to Corporal Haynes.

## II. IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." Cash v. Bernstein, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010), adopted by 2010 WL 5222126 (S.D.N.Y. Dec. 21, 2010). The Court finds that Plaintiff has demonstrated sufficient economic need and filed the inmate authorization form required in this District. See Dkt. No. 6 ("Inmate Authorization Form"). Plaintiff's IFP Application is therefore granted.[2]

## III. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Having found that Plaintiff meets the financial criteria for commencing this action IFP, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of §§ 1915(e) and 1915A. Section 1915(e)(2) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or

---

[2] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," he has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. § 1915(g). Based upon the Court's review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that Plaintiff has accumulated three strikes for purposes of § 1915(g).

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Similarly, under § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (noting that § 1915A applies to all actions brought by prisoners against government officials even when the plaintiff paid the filing fee).

When reviewing a complaint, a court must also look to the Federal Rules of Civil Procedure. Rule 8 provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (emphasis omitted). That said, in reviewing a pro se complaint, the Court must show liberality toward pro se litigants and exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted).

A court should not dismiss a complaint if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Summary of the Complaint

On June 23, 2018, Plaintiff notified CCJ Correctional Officers Corporal Hand and Corporal Haynes that he needed a time-sensitive legal document notarized. Am. Compl. at 2. Although Hand, who is a notary, notarized documents for other inmates, he refused to do so for Plaintiff, instead laughing at Plaintiff and walking out. Id. at 2–3; Dkt. No. 14 ("Affidavit") at 1. "Because of the delay in having [his legal document] notarized and being sent out in the required time frame," the Plaintiff was "denied his appeal on the grounds of untimely filing of the paperwork." Am. Compl. at 3.

**C. Analysis of the Complaint**

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "Section 1983 itself creates no substantive rights [but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

While the Amended Complaint characterizes Plaintiff's claims as "due process" violations, in accordance with the obligation to construe pro se litigants' pleadings to raise the strongest claims possible, Kalican v. Dzurenda, 583 F. App'x 21, 22 (2d Cir. 2014), the Court instead construes the Amended Complaint to allege that Plaintiff's First Amendment right to court access was violated by Hand and Haynes.

*1. First Amendment Court Access*

Prisoners retain the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. This right is implicated when prison officials "actively interfer[e] with inmates' attempts to prepare legal documents, or file them." Lewis v. Casey, 518 U.S. 343, 350 (1996). The Supreme Court has determined that an indigent inmate-plaintiff's right to access the courts includes the right to access notarial services to authenticate legal documents. Bounds v. Smith, 430 U.S. 817, 824–25 (1977). To state a plausible court access claim, a complaint must allege that (1) the defendant acted deliberately and maliciously, and (2) plaintiff suffered an actual injury as a result of the defendant's conduct. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).

In this case, Plaintiff alleges that on June 23, 2018, Hand, who is a notary at CCJ, refused to notarize one of Plaintiff's time-sensitive legal documents, even though he notarized other inmates' documents. Am. Compl. at 2–3. The Amended Complaint further alleges that as a result

5

of Hand's refusal to notarize the legal document, Plaintiff's appeal was denied on the basis of untimeliness. Id. at 3. Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, the Court finds that the First Amendment court access claim against Hand survives preliminary review and requires a response. The Court expresses no opinion regarding whether Amended Complaint can withstand a properly filed motion to dismiss.

Plaintiff's allegations against Haynes do not survive, however, because Plaintiff does not allege that Haynes was personally involved in the alleged constitutional deprivation. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). Instead of alleging Haynes' personal involvement in the constitutional deprivation here, the Amended Complaint alleges that Plaintiff notified Haynes that he requested a notary and that Haynes "informed [him] that Hand was going to go back to booking and get his notary stamp." Id. at 2. These allegations are not sufficient to plausibly suggest that Haynes denied Plaintiff's request for notarial services. Rather, as alleged in the Amended Complaint, it appears that Haynes facilitated Plaintiff's access to a notary. Accordingly, any claims seeking money damages asserted against Haynes are dismissed.

**IV.     PI Motion**

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." Patton v. Dole, 806 F.2d 24, 28 (2d Cir.1986). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of

two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" Otoe-Missouria Tribe of Indians v. N.Y.S. Dep't of Fin. Servs., 769 F.3d 105, 110 (2d Cir. 2014) (quoting Lynch v. N.Y., 589 F.3d 94, 98 (2d Cir. 2009)).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" Bisnews AFE (Thai.) Ltd. v. Aspen Research Grp. Ltd., 437 F. App'x 57, 58 (2d Cir. 2011) (quoting Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009)). Speculative injury is not the province of injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95, 111–12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Bisnews AFE, 437 F. App'x at 58 (internal quotation marks omitted).

Here, Plaintiff alleges that he has been the subject of "numerous repercussions and retaliations" because he has filed civil actions against correctional officers at CCJ. PI Mot. at 1. He specifically alleges that "just the other day [he] was subjected to the harrassment [sic] and threats" by "numerous" officers, including Hand, Haynes, and non-party correctional officers Sickmond, Reese, Matthews, Torre, Collins, Mullin, and Rifanberg. Id. Plaintiff subsequently filed his supplemental Affidavit on or about August 30, 2018, which the Court has considered in conjunction with Plaintiff's PI Motion. Aff. In the Affidavit, Plaintiff also contends that Hand "and the officers that work his shift" harass and intimidate him, and "us[e] false pretence [sic] to

7

have [him] written up and locked in [his] cell for long periods of time for their benifit [sic]." Id. at 1. He further alleges that he "fears for his safty [sic] from [Hand] and the officers who work with him." Id. Plaintiff requests an order from the Court directing "these officers" to stop their "constint [sic] abuse of power and intimadation [sic] of not only [Plaintiff] but others" and "suspend[]" defendant Hand from "his duties." Id. He further asks for an order enjoining Defendants as well as certain non-party CCJ correctional officers and the Chenango County Sheriff's Office from "stalking, harrassing [sic], belittleing [sic], threatening . . . or communicating" with Plaintiff. PI Mot. at 2.

Upon review, the Court finds that Plaintiff has not made the showing required for the issuance of a preliminary injunction. Plaintiff's fear that Hand (or other CCJ staff) might harm him or unfairly subject him to disciplinary action is unsupported by any specific factual allegations and, therefore, insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. See, e.g., Slacks v. Gray, No. 07-CV-501, 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (concluding that "allegations of future injury without more do not establish a real threat of injury"); see also Forest City Daly Hous., Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) ("Irreparable harm is injury that is neither remote nor speculative, but actual and imminent.") His conclusory mention of prior harassment is insufficient to demonstrate irreparable harm. See Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction.").

Moreover, much of the injunctive relief sought by Plaintiff amounts to little more than an order directing Hand (and certain non-parties) to obey the law, and not retaliate against Plaintiff

8

for accessing the courts. "'Obey the law' injunctions are vague, do not require defendants to do anything more than that already imposed by the law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. These injunctions are not favored and the relief requested is not warranted here." Rowe v. N.Y.S. Div. of Budget, No. 11-CV-1150, 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 12, 2012) (citing N.L.R.B. v. Express Pub. Co., 312 U.S. 426, 435–36 (1941)).

For the foregoing reasons, the PI Motion is denied.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's IFP Application (Dkt. No. 11) is **GRANTED**.[3] The Clerk shall provide the superintendent of Chenango County Jail, which has been designated by Plaintiff as his current location, with a copy of Plaintiff's authorization form (Dkt. No. 6), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk shall provide a copy of Plaintiff's authorization form (Dkt. No. 6) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that the Clerk shall re-file Dkt. No. 15 as follows: (1) Dkt. No. 15 at 1–3 shall be attached to the Amended Complaint (Dkt. No. 16) as an exhibit; and (2) Dkt. No. 15 at

---

[3] Although his IFP Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees. While § 1915 permits indigent litigants to commence a civil action in federal court without prepayment of the filing fee, those litigants "must subsequently pay the fee, to the extent [they are] able to do so, through periodic withdrawals from [their] inmate accounts." Cash, 2010 WL 5185047, at *1.

9

4–7 shall be attached as an exhibit to the amended complaint in separate action, <u>Demuth v. Chenango County Sheriff's Office</u>, No. 18-CV-807 (Dkt No. 14); and it is further

**ORDERED**, that Plaintiff's PI Motion (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's claims against Haynes are **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk shall remove the Town of Norwich from the caption to this case, as it is not a named defendant in the Amended Complaint; and it is further

**ORDERED**, that Plaintiff's First Amendment court-access claim against Hand **SURVIVES** initial review and requires a response; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it to the U.S. Marshal for service of process upon Hand. The Clerk shall forward a copy of the summons and the Amended Complaint by mail to the Chenango County Attorney, together with a copy of this Memorandum-Decision and Order; and it is further

**ORDERED**, that a response to the Amended Complaint shall be filed by Hand or his counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also**

**required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 22, 2018
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge