UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL A. DEMUTH,

                    Plaintiff,

    -against-                              9:18-CV-769 (LEK/TWD)

CORPORAL HAND,

                      Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Michael A. Demuth brought this lawsuit under 42 U.S.C. § 1983, alleging that defendant Corporal Hand violated Plaintiff's civil rights while he was incarcerated at Chenango County Correctional Facility ("Chenango"). Dkt. No. 16 ("Amended Complaint"). Plaintiff alleges that Hand, a correction officer at Chenango, failed to notarize certain legal documents in violation of Plaintiff's First Amendment right to access the courts. Id. Defendant moved for summary judgment, arguing, in part, that Plaintiff had failed to exhaust his administrative remedies. Dkt. No. 38 ("Motion"). Plaintiff failed to respond to Defendant's Motion despite receiving several extensions of time to do so. See, e.g., Dkt. Nos. 43, 45 (granting Plaintiff extensions).

Currently before the Court is a Report-Recommendation filed by the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, recommending that the Court grant Defendant's Motion and dismiss Plaintiff's Complaint with prejudice. Dkt. No. 49 ("Report-Recommendation"). Neither party has filed objections to the Report-Recommendation. See Docket. The Court now adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

Neither party filed objections to the Report-Recommendation. See Docket. Accordingly, the Court reviews the Report-Recommendation for clear error and has found none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 49) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendant's Motion for Summary Judgment (Dkt. No. 38) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 16) is dismissed with prejudice; and it is further

**ORDERED**, that the Clerk shall close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  January 27, 2020
 Albany, New York

*/s/ Lawrence E. Kahn*
Lawrence E. Kahn
Senior U.S. District Judge